UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

L.T. TUCKER,

                Plaintiff,

                                        Case No. 2:23-cv-226

v.

                                        Honorable Maarten Vermaat

UNKNOWN KINSELLA et al.,

                Defendants.

_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). (ECF No. 1, PageID.33.) That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an order denying Plaintiff leave to proceed *in forma pauperis* and directing him to pay the $402.00 filing fee. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from

the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d at 380–81).

### Discussion

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00, which was the applicable administrative fee when Plaintiff filed this action. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan, filing dozens of lawsuits. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Tucker v. Hembree et al.*, 4:94-cv-105 (W.D. Mich. July 15, 1994); *Tucker v. Kinney et al.*, 4:94-cv-101 (W.D. Mich. June 30, 1994); *Tucker v. Chapin et al.*, 4:94-cv-100 (W.D. Mich. June 30, 1994); *Percival et al. v. Williams et al.*, 1:00-cv-849 (W.D. Mich. Nov. 29, 2000). Although three of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as

strikes. *See Wilson*, 148 F.3d at 604. In addition, Plaintiff has previously been denied leave to

proceed *in forma pauperis* in multiple cases because he has three strikes. *See Tucker v. Kemp*,

2:22-cv-205 (W.D. Mich. Feb. 22, 2023); *Tucker v. Kemp*, 2:22-cv-78 (W.D. Mich. Jul. 25, 2022);

*Tucker v. Corizon Corr. Healthcare*, 2:19-cv-242 (W.D. Mich. Feb. 19, 2020); *Tucker v.*

*Harrington*, 1:18-cv-181 (W.D. Mich. May 10, 2018); *Tucker v. Corizon Corr. Findlay*, 1:18-cv-

180 (W.D. Mich. May 10, 2018); *Tucker v. Hill*, 2:06-cv-85 (W.D. Mich. Sep. 18, 2006); *Tucker*

*v. Bergh*, 2:06-cv-73 (W.D. Mich. Sep. 13, 2006); *Tucker v. Luke*, 2:05-cv-226 (W.D. Mich. Apr.

11, 2006); *Tucker v. Bolden*, 2:04-cv-141 (W.D. Mich. Sep. 27, 2004); *Tucker v. McBurney*, 2:04-

cv-140 (W.D. Mich. Sep. 27, 2004).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the

three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general

requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat
> or prison condition must be real and proximate and the danger of serious physical
> injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x
> 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's
> assertion that he or she faced danger in the past is insufficient to invoke the
> exception." *Id.* at 797–98; *see also Taylor* [*v. First Med. Mgmt.*], 508 F. App'x
> [488,] 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke
> the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011)
> ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.*
> *Pointer* [*v. Wilkinson*], 502 F.3d [369,] 371 n.1 [(6th Cir. 2007)] (implying that past
> danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the
> allegations must be sufficient to allow a court to draw reasonable inferences that
> the danger exists. To that end, "district courts may deny a prisoner leave to proceed
> pursuant to § 1915(g) when the prisoner's claims of imminent danger are
> conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and
> rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798
> (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at
> 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also
> insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In this action, Plaintiff sues the following Chippewa Correctional Facility (URF) officials: Petty Prison Guards Unknown Kinsella, Unknown Haase, Unknown Picotte, Unknown Martin, R. Batho, Unknown Woodward, Unknown Miller, Unknown McLoed, Unknown Semasky, J. Clark, Unknown Willour, Unknown Gunroe, D. Bergeron, A. Bourque, Dan Eicher, Unknown Lumsden, Art Derry, and Unknown Gugin. He alleges that, from August 31, 2023, until the time that Plaintiff filed his complaint, Defendants retaliated against Plaintiff for "being a jailhouse lawyer," filing grievances, and for otherwise "exercising [Plaintiff's] First Amendment[ rights.]" (Compl., ECF No. 1, PageID.7.)

Specifically, Plaintiff alleges that on or around September 16, 2023, Defendant Kinsella told Plaintiff that Defendant Kinsella would throw away Plaintiff's legal materials because Plaintiff had filed grievances against staff. (*Id.*, PageID.8.) After Defendant Kinsella became aware that Plaintiff intended to file a grievance on him, Defendant Kinsella took items of Plaintiff's property and issued Plaintiff a false misconduct report. (*Id.*, PageID.9–10.) Defendants then collectively engaged in further actions which Plaintiff deems to be retaliatory, including issuing additional false misconduct reports, and telling Plaintiff that he would be placed in segregation if he chose not to plead guilty to the allegedly false misconduct reports. (*Id.*, PageID.10–11.) Plaintiff also claims that Defendants denied Plaintiff due process and violated several MDOC policy directives in the course of prosecuting Plaintiff's misconducts. (*Id.*, PageID.12–26.)

Then, in a separate section of Plaintiff's complaint titled, "Plaintiff claims of imminent danger of serious physical injury – exceptions to the three strikes rule," Plaintiff alleges that, on several occasions beginning September 16, 2023, Defendants have threatened to kill or harm Plaintiff for filing grievances. (*Id.*, PageID.26–28.) Plaintiff alleges that, on September 16, 2023, Defendant Kinsella "made threats to kill [Plaintiff] if [Plaintiff] didn't throw away some of that legal shit in [his] cell." (*Id.*, PageID.27.) Plaintiff does not allege that this caused him to dispose of his legal property, including the several subsequently filed grievances. (*See id.*, PageID.8.) Plaintiff also claims that, on September 26, 2023, and "a few days after," Defendant Hansen "stated that he would kill [Plaintiff's] m*****f***** a**" and, on October 1, 2023, Defendant McLoed told Plaintiff that, if Plaintiff kept filing grievances, he would have other prisoners kill Plaintiff. (*Id.*, PageID.27.) These statements did not dissuade Plaintiff from filing additional grievances. (*See id.*, PageID.8.)

On September 26, 2023, and October 26 and 27, 2023, Defendants Kinsella and Picotte told Plaintiff that they would have the nurse give Plaintiff "so much 'insulin'" that Plaintiff dies in his sleep. (*Id.*, PageID.28.) On October 29, 2023, Defendant Kinsella told Plaintiff, "We will beat your face in soon." (*Id.*) On November 14, 2023, Defendant Derry told Plaintiff that he would "die in here" if Plaintiff keeps writing grievances on staff. (*Id.*) In a later filed "affidavit," Plaintiff alleges that, on November 27, 2023, Defendant Lumsden threatened to "f*** [Plaintiff] up." (ECF No. 5, PageID.56.) And in a second more recently filed affidavit, Plaintiff alleges that, on November 27, 2023, Defendant Derry pushed Plaintiff after finding that Plaintiff was mailing his complaint to the Court, and on December 5, 2023, Defendant Lumsden made additional verbal threats of assault. (ECF No. 6, PageID.66.)

Taken together, and in light of Plaintiff's extensive litigation history before this Court, Plaintiff's allegations of "death threats" from August through November of 2023 "either do not constitute threats of physical injury, are described with insufficient facts and detail to establish that he is in danger of imminent physical injury, or are 'irrational or wholly incredible.'" *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008).

First, the allegations regarding "death threats" suggest that while incarcerated at URF, Plaintiff was verbally harassed by some Defendants; however, they fail to support an inference that Plaintiff was in imminent danger of serious physical injury within the meaning of § 1915. Despite experiencing threats of serious physical injury dating back to August, Plaintiff does not allege that any of the Defendants ever carried out threats of serious physical injury or that Plaintiff suffered any serious physical injury as a result. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not typically rise to constitutional dimensions. *See Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (discussing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). The Court does not condone the making of such threats by officers; however, despite the threats to have Plaintiff killed or harmed, Plaintiff does not allege that he has suffered any physical injury from Defendants.

Moreover, in his affidavit filed on December 5, 2023, Plaintiff alleges a single, isolated incident in which Defendant Derry pushed Plaintiff. (ECF No. 6, PageID.66.) This allegations does not rise to the level of serious physical injury or indicate, given the prior unfulfilled threats, that Plaintiff is in any immediate danger of serious physical harm.

Finally, since at least as early as 2006, this Court has observed that threats similar to those raised here are Plaintiff's "go to" attempt to avoid the consequences of the three-strikes rule. As

8

the Court explained in denying Plaintiff leave to proceed *in forma pauperis* in *Tucker v. Smith*,

No. 2:06-cv-94, 2006 WL 1155479 (W.D. Mich. Apr. 26, 2006):

> [T]he court notes that Plaintiff has filed at least 39 cases in this court. In many of these cases Plaintiff claims that he was threatened with being assaulted or killed. However, based on Plaintiff's litigation history, such threats do not appear to have deterred Plaintiff from filing civil actions. The court notes that Plaintiff's claims of imminent danger appear to be included in his complaint solely for the purpose of avoiding the effect of the three strikes rule. As such, Plaintiff's allegations do not appear to constitute imminent danger of serious physical injury.

*Id.* at \*2 (footnote omitted); *see also Tucker v. Kemp*, 2:22-cv-205 (W.D. Mich. Feb. 2, 2023)

(containing similar allegations of "death threats" under a separate heading of imminent danger).

The dearth of factual allegations to show any action by Defendants to carry out the threats of

serious physical injury, leads the Court to conclude that the alleged threats "are described with

insufficient facts and detail to establish that he is in danger of imminent physical injury . . .

." *Rittner*, 280 F. App'x at 798 (footnote omitted). Indeed, the conclusion that these threats were,

at best, hyperbolic in nature, is furthered by the fact that they did not dissuade Plaintiff from

continuing to file grievances on behalf of himself and others. Thus, based on Plaintiff's allegations,

the alleged threats are not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting

*Rittner*, 280 F. App'x at 797). That is not to say that they are "ridiculous . . . baseless . . . fantastic

or delusional . . . irrational or wholly incredible." *Id*. (quoting *Rittner*, 280 F. App'x at 798). They

are simply insufficient.

Therefore, for the reasons set forth above, § 1915(g) prohibits Plaintiff from proceeding *in*

*forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this

order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees,

the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:    December 18, 2023                    /s/ *Maarten Vermaat*

Maarten Vermaat
United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**